**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**MICHAEL A. PRUETT**                                                                  **PLAINTIFF**

**v.**                                        **No. 1:13–CV–00012–BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                           **DEFENDANT**

<u>**ORDER AFFIRMING THE COMMISSIONER**</u>

Michael Allen Pruett seeks judicial review of the denial of his application for

supplemental security income (SSI).  Mr. Pruett applied for SSI on April 15, 2009, at age

34.  He maintains he is disabled due to bipolar disorder, mental problems, and back

problems.[1]

**The Commissioner's decision**.  After considering the application, the

Commissioner's ALJ determined Mr. Pruett had severe impairments — lumbar

degenerative disc disease, bipolar disorder, anxiety disorder, and antisocial personality

disorder[2] — but he could do unskilled, light work.[3]  Because a vocational expert

---

[1]SSA record at p. 129.

[2]*Id*. at p. 13.

[3]*Id*. at p. 16.

identified available work,[4] the ALJ determined that Mr. Pruett was not disabled  and

denied the application.[5]

After the Commissioner's Appeals Council denied a request for review,[6] the

ALJ's decision became a final decision for judicial review.[7]  Mr. Pruett filed this case to

challenge the ALJ's decision.[8]  In reviewing the decision, the court must determine

whether substantial evidence supports the decision and whether the ALJ made a legal

error.[9]

---

[4]*Id*. at p. 603 (identifying small products assembler and assembly press operator as available jobs).

[5]*Id*. at p. 18.

[6]*Id*. at p. 3.

[7]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[8]Docket entry # 2.

[9]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

**Mr. Pruett's allegations**.  Mr. Pruett challenges the determination that he could do unskilled, light work.[10]  He claims he could not work because he could not deal with authority and got side-tracked while working.[11]  He maintains that the ALJ did not properly consider his mental impairment.  He argues that he met listing 12.08 (personality disorder).  He says substantial evidence does not support the ALJ's decision.

For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the decision that Mr. Pruett could do light work.[12]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[13]  In this case, the ALJ reduced light work to unskilled work.  Thus, the court must determine whether a reasonable mind would accept the evidence as adequate to show Mr. Pruett could work within these parameters.

Mr. Pruett's argument focuses on mental impairment, likely because no serious question exists about his physical ability to do light work.  Mr. Pruett has complained

---

[10]Docket entry # 13.

[11]SSA record at pp. 575-77.

[12]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[13]20 C.F.R. § 416.967(b).

about back pain for many years, but diagnostic imaging shows minimal degenerative change at one level of the lumbar spine.[14]  The minimal change does not prevent Mr. Pruett from engaging in activities that require the use of the back.[15]  The physical examiner reported only a mild restriction in lifting.[16]  A mild restriction does not prevent a person from lifting 20 pounds, or frequently lifting or carrying 10 pounds.  A reasonable mind would accept the evidence as adequate to show Mr. Pruett can do light work.

The dispositive question is whether Mr. Pruett has shown that mental impairment prevents him from working.  The most probative evidence of Mr. Pruett's mental impairment flows from his application date — April 15, 2009 — but earlier evidence provides relevant background.  Earlier evidence establishes a troubled and abusive childhood, loss of a parent at age 15, criminal convictions, years of imprisonment, and substance abuse — but no mental health treatment.

---

[14]SSA record at p. 528 (minimal osteophyte spurring at the anterior margin of the superior end plate of L4); p. 534 (imaging of the back is within normal limits).

[15]*Id*. at pp. 490-91 (washing dishes, doing laundry, sweeping, vacuuming, cleaning, bush hogging, caring for horses, repairing equipment and fences); p. 108 (working on the farm, mowing the lawn, feeding cows and horses).

[16]*Id*. at p. 497.

The recent, more probative evidence shows some effort toward treatment.  The month before he applied for SSI, Mr. Pruett sought treatment for anger outbursts and depression.[17]  He was treated with psychotropic medications for three months.

Nine months after applying, he was re-incarcerated for 14 months.  Although no evidence shows he received mental health treatment during that time, he told his PCP that he was diagnosed with antisocial personality disorder during his incarceration.[18]  His PCP referred him to a mental health provider.

Four weeks before his hearing, Mr. Pruett presented to a mental health provider.[19]  A psychiatrist diagnosed bipolar disorder and antisocial personality disorder.[20]  The psychiatrist prescribed an anti-psychotic medication used to treat bipolar disorder.  Prescribing the medication indicates Mr. Pruett's bipolar disorder can be controlled with treatment.  "If an impairment can be controlled by treatment…, it cannot be considered disabling."[21]

---

[17]*Id*. at p. 479.

[18]*Id*. at p. 532.

[19]*Id*. at p. 548.

[20]*Id*. at p. 544.

[21]*Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (citation omitted).

Unlike bipolar disorder, antisocial personality disorder [22] is often unresponsive to treatment.[23]  Mr. Pruett has a history of behaviors characteristic of antisocial personality disorder, but no evidence establishes a casual link between that history and an inability to work.  Mr. Pruett's past behaviors — fighting, failing to maintain a job, substance abuse, and criminal conduct — are characteristic of antisocial personality disorder,[24] but the behaviors are equally consistent with other reasons for not working — for example, lack of motivation.  In addition, no evidence indicates how treating the bipolar disorder would affect Mr. Pruett's antisocial personality disorder; treating the bipolar symptoms may help control the antisocial personality disorder symptoms.

In short, the medical evidence consists of a diagnosis.  A diagnosis is insufficient to establish disability.[25]  Mr. Pruett has not shown he meets the severity requirements for listing 12.08.  To the extent he relies on GAF scores, those scores provide no basis for

---

[22]"The central characteristic of antisocial personality disorder is an extreme disregard for the rights of other people. Individuals with [antisocial personality disorder] lie and cheat to gain money or power."  Dean A. Haycock & Emily Jane Willingham, 1 Gale Encyclopedia of Mental Health 110 (3d ed.).

[23]*See id*. at p. 111 (discussing difficulty and issues involved in treating antisocial personality disorder).

[24]*Id*. at p. 111 (explaining how antisocial personality disorder is diagnosed).

[25]*Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004) (diagnosis is insufficient to show condition meets the severity requirements of listed impairment).

relief.  In this case, the scores represent snapshots during time periods of no treatment.[26]

He has not shown mental impairment prevents him from working.

After reviewing Mr. Pruett's allegations and the medical evidence, an agency

mental health expert opined that Mr. Pruett could do unskilled work.[27]  Mr. Pruett's

reliance on Dr. Vann Smith's assessment[28] is misplaced because it is based on traumatic

brain injury without substantiating medical evidence; Dr. Smith's report of cognitive

impairment is inconsistent with other medical evidence.[29]  The limit to unskilled work

responds to Mr. Pruett's mental impairment.  A reasonable mind would accept the

evidence as adequate to show Mr. Pruett could do unskilled work.

**Conclusion**.  Substantial evidence supports the ALJ's decision denying Mr.

Pruett's application.  The ALJ made no legal error.  For these reasons, the court DENIES

the request for relief (docket entry # 2) and AFFIRMS the decision denying the

application.

---

[26]SSA record at p. 490 (GAF score of 49-50 on June 5, 2009); p. 544 (GAF 42 score
of on May 26, 2011).

[27]*Id*. at p. 505.

[28]*Id*. at p. 465.

[29]*Id*. at p. 489 (no obvious, cognitive discrepancies in use of language and basic
intellectual process).

It is so ordered this 17th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE